# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF SOMERSET, JUNE TERM, 1835.

---

## Lowell *vs.* *The Inhabitants of* Moscow.

Where one year was allowed to a town in which to open a new road, constituting
an alteration of an old one, said town was held not to be liable for injuries
happening on said new road, through defects therein, before the expiration of
the year, though the town had opened and partially made the road.

This was an action of the case upon the statute, brought to
recover damages for an injury sustained by the plaintiff in his
horse and sleigh in travelling over a road in the town of *Moscow*,
on the 5th day of *March*, 1834, which road the plaintiff alleged,
the defendants were bound to keep in repair.

On trial of the action in the C. C. Pleas before *Smith J.*, it
appeared that an established road in the town of *Moscow*, had
been altered by the county commissioners, *October*, 1833, and a
new one substituted, and that upon this new part of the road the
injury complained of, happened. The term of one year from
the first day of *October*, 1833, was allowed by the commission-
ers to open the new road — and a part of the old road was to be
discontinued in two years.

The plaintiff offered to prove that the new road had been
opened by the defendants, and at the time of the occurrence of
the injury complained of, was the only one travelled, — a log
having been placed across the old road, thereby rendering it
impassable, — and that by reason of a neglect to put up railings
in proper places, and the road being in other respects defective,
the injury complained of was occasioned.

Lowell *v.* The Inhabitants of Moscow.

But the court being of opinion that the defendants were not bound to complete and keep said road in repair, until the year allowed for opening it had expired, rejected the evidence, and directed a nonsuit. To this ruling of the Judge the plaintiff excepted.

*Wells,* for the plaintiff.

The time allowed for the making of the road was for the benefit of the town, and might therefore be waived by the town. In this case they did waive it, by actually opening and making the road before the expiration of the year. *Stat. of* 1821, *ch.* 118, § 12; *Stat. of* 1831, *ch.* 100, § 7.

The town had the right to make the road earlier than the time allowed, and when made, all the obligations attaching to any other road would attach to this. And here, the case finds that the old road was stopped up — but if it had not been, it would have been discontinued by operation of law. The new road therefore, was made and dedicated to the public use, and the defendants were bound to keep it in repair.

*F. Allen & Tenney,* for the defendants, cited *The State* v. *Kittery,* 5 *Greenl.* 259; *Bigelow* v. *Weston,* 3 *Pick.* 267.

PARRIS J. — If, at the time the plaintiff sustained the injury, the town of *Moscow* was, by law obliged to keep in repair the road where that injury happened, as a public highway, then the exceptions to the decision of the court below must be sustained. By statute, *ch.* 500, *sec.* 7, it is made the duty of the county commissioners to fix the time within which the several towns through which any highway may be laid out, shall open and make the same. Although this is not the precise phraseology of the former statute, upon the same subject, *ch.* 118, *sec.* 12, yet there can be no doubt but the meaning of the words, "*open and make the same,*" in the late statute, was understood by the legislature to be the same as those used in the earlier statute, viz.: "to make the road passable, safe and convenient for travellers and others passing with their teams, waggons, or other carriages."

The county commissioners, in laying out the road where the injury happened, acted under the last statute, *ch.* 500, and, no doubt, intended, by allowing the town one year to " open" the

new road, that the road was to be *opened and made* within that time ; that is, they intended to exercise the power granted them by the statute, under which they acted, to fix the time within which the town should open and make the road. The old road was not immediately discontinued. That was to remain for the public accommodation, for the period of two years, and whoever should, within that time, encumber it to the annoyance of the public, would be liable for a nuisance ; and so also would the town be holden to keep it in safe and convenient repair. But the town was not required to make the new road until the expiration of the year, that is, until the first day of *October*, 1834. That road was laid out in *October*, 1833, and the injury to the plaintiff was on the fifth of *March*, following. There had been no opportunity, subsequent to the laying out, for the inhabitants to expend any of their highway tax on the road. The ensuing season was the time for making it, as understood by the county commissioners, when the town would provide specially for opening and making it, or the selectmen would assign it to a surveyor, and the inhabitants within the district would expend their taxes upon it. It probably was opened, within the popular meaning of opening, when the injury happened ; that is, it was not obstructed by trees or fences, and was in progress of being made. No doubt it had been used for a winter road, as the plaintiff was upon it with his sleigh, when the accident occurred ; but the case itself shews that it had not been completed, it had not been made safe and convenient for travellers with their teams and carriages. If the year allowed by the county commissioners had expired, the town would have been in fault, but it would be most unreasonable that a town should be held answerable for all injuries that might occur to those who see fit to pass over a road before it is completed, and while the proper authorities are in the progress of making it. People, who will thus travel, must do it at their peril, and if they suffer injury they have no ground for redress against the town, either in justice or in law.

The placing the log across the old road and stopping it up, was an infringement upon the rights of the public, but it does not affect the plaintiff's case. If a public highway be incumbered, the town, whose duty it is to repair, is answerable for neglecting

to do it; and the law affords a remedy. But the liability is not so extended as to hold such town answerable for injuries that may occur where there is no road, or on roads which the town is not, by law, required to have in repair.

It was said, in the argument, that the town had dedicated the road to the public, and ought to be liable for damages arising from neglect to repair. There is no evidence of any dedication, that we can perceive, in the case; and no such continued user as throws any liabilities on the town. *Todd* v. *Rome,* 2 *Greenl.* 55; *Rowell* v. *Montville,* 4 *Greenl.* 270. Upon the whole, we think the judge below decided correctly, that the town was not, by law, bound to complete and keep said road in repair, until the year allowed for opening the same had expired, and consequently, that the evidence offered was properly excluded.

The exceptions are overruled and the nonsuit confirmed.